1  JEFFREY D. GOLDMAN (Bar No. 155589)
2  *JGoldman@jmbm.com*
   WHITNEY E. FAIR (Bar No. 280713)
3  *WFair@jmbm.com*
   JEFFER MANGELS BUTLER & MITCHELL LLP
4  1900 Avenue of the Stars, Seventh Floor
5  Los Angeles, California  90067-4308
   Telephone:   (310) 203-8080
6  Facsimile:    (310) 203-0567
7
   Attorneys for Plaintiffs
8
9
10               UNITED STATES DISTRICT COURT
11               CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  UMG RECORDINGS, INC., a Delaware corporation; CAPITOL RECORDS, LLC, a Delaware limited liability company; UNIVERSAL MUSIC CORP., a Delaware corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL – POLYGRAM INTERNATIONAL PUBLISHING, INC. a Delaware corporation; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC., a Delaware corporation; and RONDOR MUSIC INTERNATIONAL, INC., a California corporation, | CASE NO. **COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF CALIFORNIA CIVIL CODE § 980(2), VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 AND COMMON LAW UNFAIR COMPETITION** |

23                Plaintiffs,
24         v.
25
26  CENTRIC GROUP, LLC, a Delaware
27  limited liability company, KEEFE
    GROUP, LLC, a/k/a KEEFE GROUP,
28  INC., a Missouri limited liability

JMBM | Jeffer Mangels
Butler & Mitchell LLP

company, KEEFE COMMISSARY NETWORK, LLC, a Missouri limited liability company, ACCESS CATALOG COMPANY, LLC, a Missouri limited liability company, all d/b/a ACCESS SECUREPAK; ARI'S MIXTAPES, INC., a Pennsylvania corporation; and DOES 1-10,

            Defendants.

Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Songs Of Universal, Inc.; Universal–PolyGram International Publishing, Inc.; Universal–Songs of PolyGram International, Inc.; and Rondor Music International, Inc. (collectively "Plaintiffs") aver as follows:

1.      Defendants Centric Group, LLC, Keefe Group, LLC, a/k/a Keefe Group, Inc., Keefe Commissary Network, LLC, and Access Catalog Company, LLC d/b/a Access Securepak (the "Centric Defendants"), advertise, promote, market, and sell "care packages" of various items that family members and friends can send to inmates who are incarcerated in correctional facilities.  Earlier in 2014, Plaintiffs, which are among the world's most prominent record companies and music publishing companies, discovered that among the products being offered for sale and sold by Defendants are sound recordings, embodying musical compositions, many of which are owned by Plaintiffs and which Defendants do not have any authorization from Plaintiffs to make, copy, distribute, or sell.  These infringing products include popular and valuable sound recordings and musical compositions owned by Plaintiffs and featuring performances by such legendary artists as James Brown, Eminem, the Jackson Five, LL Cool J, Marvin Gaye, and Stevie Wonder, among many others. Defendants boast on their website that their business "was developed to eliminate contraband," yet the infringing copies of Plaintiffs' sound recordings and musical

PRINTED ON
RECYCLED PAPER
LA 11336601v3

compositions, in which Defendants unlawfully transact and from which they unjustly profit, are contraband personified.  The sound recordings and musical compositions set forth on Schedules A, B, and C hereto are just a small sampling of the infringed works Plaintiffs anticipate will be identified in discovery.

2.      Among Defendants' infringing products are so-called "mixtapes," at least some of which the Centric Defendants obtain from defendant Ari's Mixtapes, Inc. ("AMI").  Mixtapes are a form of recorded music in which DJs combine (or "mix") tracks, often recorded by different artists, onto a single CD, sometimes creating overlaps and fades between songs, and/or reflecting a common theme or mood.  Such so-called "mixtapes," unless authorized by the copyright owner or owner of corresponding state law rights, are nothing more than collections of infringing, piratical compilations of copyrighted or otherwise legally protected sound recordings and copyrighted musical compositions.  The "mixtape" label is frequently a cover for piracy, which harms not only owners of copyrighted sound recordings and musical compositions such as Plaintiffs, but also manufacturers and distributors of legitimate and authorized mixtapes, who are forced to compete on an unlevel playing field with competitors, such as Defendants, that are unwilling to comply with the law.

3.      Defendants have further unlawfully advertised and promoted their use of Plaintiffs' sound recordings and musical compositions to their customers.  Indeed, Plaintiffs are informed and believe, and on that basis aver, that the Centric Defendants sometimes sell their infringing products substantially below market value, in order to promote, market, and profit from their sales of other goods and services.

4.      Defendants do not have any license or other authorization from Plaintiffs to reproduce, distribute, or sell any of Plaintiffs' copyrighted and otherwise protected sound recordings, or to use them to solicit, encourage, and induce sales of other goods and services.  Defendants are fully aware that their conduct is unlawful, but have willfully chosen to engage in this unlawful conduct to maximize their profits and in conscious disregard of Plaintiffs' rights.  Defendants' theft has caused

PRINTED ON
RECYCLED PAPER
LA 11336601v3

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  substantial, manifest, and irreparable harm to Plaintiffs, who invest millions of dollars
2  and enormous amounts of time and creative energy to produce and exploit the
3  copyrighted and otherwise protected works infringed by Defendants.

4  **JURISDICTION AND VENUE**

5      5.     This is a civil action seeking damages and injunctive relief for copyright
6  infringement under the Copyright Law of the United States (17 U.S.C. §§ 101 *et*
7  *seq*.).

8      6.     This Court has jurisdiction of this action pursuant to 17 U.S.C. §§ 101 *et*
9  *seq*., 28 U.S.C. §§ 1332(a)(1) and 1338(a).

10      7.     This Court has personal jurisdiction over Defendants, which do and
11  solicit continuous and systematic business in California; which engage in at least a
12  substantial part of the conduct averred herein in California, which conduct has injured
13  Plaintiffs in California; which transact business with one another in California,
14  including with respect to the matters giving rise to this suit; which derive substantial
15  revenue from goods used or services rendered in California; which expect or
16  reasonably should expect their infringing conduct to have consequences in California;
17  and which derive substantial revenue from interstate commerce.

18      8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).
19  Defendants conduct business in this District, including in Fontana, California, and a
20  substantial part of the events giving rise to Plaintiffs' claims occurred in this District.
21  Plaintiffs have principal places of business in this District and have been injured in
22  this District as a result of Defendants' infringing conduct.

23  **THE PARTIES**

24  **The Record Company Plaintiffs**

25      9.     Plaintiff UMG Recordings, Inc. ("UMG") is a corporation duly
26  organized and existing under the laws of Delaware, with its principal place of
27  business in Los Angeles County, California, and is doing business in the State of
28  California and in this judicial District.

- 4 -

10.     Plaintiff Capitol Records, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California, and is doing business in the State of California and in this judicial District.

11.     The foregoing Plaintiffs (the "Record Company Plaintiffs") are record companies engaged in the business of producing sound recordings and manufacturing, distributing, selling and/or licensing the distribution, sale, and adaptation of their sound recordings in phonorecords (as defined in 17 U.S.C. § 101) in the United States.  The Record Company Plaintiffs are among the world's leading record companies and own the rights to thousands of sound recordings, including many of the most well-known and valuable sound recordings in the world.  The Record Company Plaintiffs invest substantial sums of money, as well as time, effort, and creative talent, to discover and develop recording artists, and to create, manufacture, advertise, promote, sell, and license phonorecords embodying the performances of their exclusive recording artists, many of whom live and/or work in this District.

12.     The Record Company Plaintiffs are the copyright owners of, or the owners of exclusive rights in, certain sound recordings, including but not limited to the sound recordings listed on Schedule A, for which the Record Company Plaintiffs own copyrights protected by the Copyright Act.  UMG is the owner of exclusive rights in certain sound recordings, including the sound recordings listed on Schedule C, for which UMG owns rights under state law.

**The Music Publisher Plaintiffs**

13.     Plaintiff Universal Music Corp. (including d/b/a Universal Music Publishing and Universal-MCA Music Publishing) is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

PRINTED ON
RECYCLED PAPER
LA 11336601v3

14.     Plaintiff Songs of Universal, Inc. is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

15.     Plaintiff Universal–Polygram International Publishing, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

16.     Plaintiff Universal–Songs of Polygram International, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

17.     Plaintiff Rondor Music International, Inc. (including d/b/a Irving Music, Inc.) is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

18.     The foregoing Plaintiffs (the "Music Publisher Plaintiffs") are music publishing companies engaged in the acquisition, ownership, administration, and exploitation of musical compositions.  The Music Publisher Plaintiffs are among the world's leading music publishing companies and own or control the copyrights and/or exclusive rights under copyright to thousands of musical compositions, including many of the most well-known and valuable musical compositions in the world.  The Music Publisher Plaintiffs invest substantial sums of money, as well as time, effort, and creative talent to acquire, administer, license and otherwise exploit copyrights in musical compositions, on their own behalf and on behalf of songwriters, many of who live and/or work in this District.

PRINTED ON
RECYCLED PAPER
LA 11336601v3

19.     The Music Publisher Plaintiffs are the copyright owners and/or own or control exclusive rights under copyright with respect to certain musical compositions, including but not limited to the musical compositions listed on Schedule B.

**Defendants**

20.     Plaintiffs are informed and believe, and on that basis aver, that Defendant Centric Group LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.

21.     Plaintiffs are informed and believe, and on that basis aver, that Defendant Keefe Group, LLC, a/k/a Keefe Group, Inc. is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis, Missouri.

22.     Plaintiffs are informed and believe, and on that basis aver, that Defendant Keefe Commissary Network, LLC is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis, Missouri.

23.     Plaintiffs are informed and believe, and on that basis aver, that Defendant Access Catalog Company, LLC, is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis, Missouri.

24.     Plaintiffs are informed and believe, and on that basis aver, that all of the foregoing Defendants (the "Centric Defendants") do business under the fictitious name Access Securepak. Plaintiffs are informed and believe, and on that basis aver, that the Centric Defendants are the owners, directly or indirectly, and operators of Access Securepak, control Access Securepak, and, acting in concert with one another, personally participate in, and are the moving forces behind, the acts of Access Securepak, from which they directly financially benefit.

PRINTED ON
RECYCLED PAPER
LA 11336601v3

25.    Plaintiffs are informed and believe, and on that basis aver, that Defendant Ari's Mixtapes, Inc. ("AMI") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Bethel Park, Pennsylvania.  AMI manufactures and distributes compact discs embodying sound recordings and musical compositions, which it distributes throughout the United States.  Plaintiffs are informed and believe, and on that basis aver, that AMI is a primary supplier of mixtapes to the Centric Defendants.

26.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiffs, which therefore sue said defendants by such fictitious names (the "Doe Defendants").  If necessary, Plaintiffs will seek leave of Court to amend this complaint to state the true names and capacities of the Doe Defendants when the same have been ascertained.  Plaintiffs are informed and believe, and on that basis aver, that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.  The Centric Defendants, AMI, and the Doe Defendants are referred to collectively hereinafter as "Defendants."

27.    Plaintiffs are informed and believe and on that basis aver that at all times mentioned in this complaint, each of the Defendants was acting in concert with all of the other Defendants and was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTS COMMON TO ALL CLAIMS

28.    Defendants have unlawfully, and without authority from Plaintiffs, reproduced, distributed, and prepared derivative works based on, Plaintiffs' sound recordings and musical compositions.  Defendants sell pirate copies of Plaintiffs' copyrighted and otherwise protected works through physical catalogs and a website located at the Uniform Resource Locator http://www.accesscatalog.com.  At this website, they advertise and promote Access Securepak as "the most comprehensive

PRINTED ON
RECYCLED PAPER
LA 11336601v3

custom package program in the correctional industry," and "a program designed to allow family members and friends to send packages to inmates."  They describe Access Securepak as "an affiliate of Keefe Group," based upon which customers "will benefit from the market and product expertise we have been offering since 1975."  They describe Keefe Group as having been "the industry leader in the packaging and distribution of high quality products and services to correctional facilities" for over 30 years.  When Plaintiffs contacted Defendants to demand that they cease and desist from their infringing activities, at least some of Defendants' responses originated from, and were signed by, Centric Group LLC.

29.     Defendants offer their "care packages" and/or related products or services in at least 40 states, including California.  Their business is highly sophisticated, claiming to offer an "easy to navigate website for online purchases," "[t]he largest selection of products in the industry, "[p]roprietary software customized to meet the needs of your institution," a "[s]tate-of-the art call center to process orders and answer questions," "[t]oll-free customer assistance available in English and Spanish," and acceptance of major credit cards.

30.     Defendants' websites themselves contain copyright notices, indicating that Defendants are aware of and understand copyright law, and use it to protect their own rights.  Yet Defendants have acted in willful and reckless disregard of, and with indifference to, Plaintiffs' rights.  By way of example only, the Centric Defendants' website advertises to potential customers that they can purchase and send to inmates "MIXtapes" from "your FAVORITE artists!"  It is widely known and understood that music that is well-known or that features popular recording artists is invariably copyrighted or otherwise legally protected.  In addition, AMI's website promotes that AMI's owner is an expert in the type of music featured on many of Defendants' infringing products, bragging that he has "listened to pretty much every big hip-hop release there has been," further reflecting Defendants' sophistication and ability to discern infringing music from legitimate, authorized music.

PRINTED ON
RECYCLED PAPER
LA 11336601v3

31.     Defendants also use their infringing copies of Plaintiffs' sound recordings and musical compositions to draw attention to, and promote the sales of, their other products and services.  Plaintiffs are informed and believe, and on that basis aver, that the Centric Defendants have knowingly and intentionally used infringing sound recordings and musical compositions owned by Plaintiffs as a "door opener" to solicit customers to purchase others goods and services from the Centric Defendants.  Indeed, Plaintiffs are informed and believe, and on that basis aver, that the Centric Defendants sometimes sell their infringing copies of Plaintiffs' sound recordings and musical compositions at a financial loss and/or substantially below market value, using them as a "loss leader" to boost sales of their other goods and services.  The Centric Defendants' infringing and unlawful uses of Plaintiffs' copyrighted and otherwise protected works have at least partially contributed to, are reasonably related to, and/or bear a legally significant relationship to the Centric Defendants' sales of such other goods and services and the Centric Defendants' profits therefrom.

32.     Defendants' misconduct has proximately caused substantial additional damage to Plaintiffs in many separate and independent ways.  By way of example only, and without limitation, Defendants' unauthorized uses of Plaintiffs' property diminishes the value of such property for other uses, including first-use premiums and exclusive uses; and by using, and advertising and promoting their use of, Plaintiffs' property without any indication that such uses are licensed or authorized by Plaintiffs, Defendants denigrate and disparage Plaintiffs and their sound recordings and musical compositions by conveying to their customers and the general public that Plaintiffs' property is without value, and/or is of insignificant or insubstantial value, to Plaintiffs' great and incalculable injury.

33.     Plaintiffs have notified Defendants in writing of their violations of Plaintiffs' rights and demanded that Defendants cease their unlawful conduct.  Plaintiffs are informed and believe, and on that basis aver, that Defendants have

PRINTED ON
RECYCLED PAPER
LA 11336601v3

- 10 -

1  failed and refused to cease and desist from their unlawful conduct.  Instead,
2  Defendants have refused to take their massive infringement seriously, brushing off
3  Plaintiffs' complaints as a nuisance.  Plaintiffs are further informed and believe, and
4  on that basis aver, that Defendants have also failed and refused to disclose to
5  Plaintiffs the identities of all of the sound recordings and musical compositions they
6  have infringed, forcing Plaintiffs to obtain such information in discovery.

7      34.    Through their conduct averred herein, Defendants have infringed
8  Plaintiffs' copyrights and exclusive rights in Plaintiffs' copyrighted and otherwise
9  protected sound recordings, and copyrighted musical compositions, by reproducing,
10 distributing, and preparing derivative works based upon such works without
11 authorization in violation of Sections 106, 115, and 501 of the Copyright Act, 17
12 U.S.C. §§ 106, 115, and 501.

### COUNT I

### COPYRIGHT INFRINGEMENT – SOUND RECORDINGS

#### By the Record Company Plaintiffs Against All Defendants

16     35.    The Record Company Plaintiffs reallege and incorporate by reference
17 each of the averments in paragraphs 1 through 34 set forth above.

18     36.    The Record Company Plaintiffs own the copyrights in the sound
19 recordings identified in the representative list attached hereto as Schedule A, among
20 many other such sound recordings the Record Company Plaintiffs own and which
21 they are informed and believe, and on that basis aver, that Defendants have infringed,
22 to be identified in discovery.

23     37.    In accordance with the Copyright Act, the Record Company Plaintiffs,
24 their predecessors in interest, or their licensors have registered the copyrights to the
25 sound recordings listed on Schedule A with the Copyright Office of the United States,
26 or applied for such registration, prior to commencement of this action.

27     38.    By way of illustration only, Defendants have, without permission,
28 reproduced, distributed, and prepared derivative works based upon the sound

PRINTED ON
RECYCLED PAPER
LA 11336601v3

JMBM | Jeffer Mangels Butler & Mitchell LLP

recordings, or portions thereof, reflected on Schedule A, including sound recordings featuring performances by such prominent recording artists as James Brown, Eminem, Tupac Shakur, LL Cool J, Nas, and Mary J. Blige, to name just a few. Additionally, the Record Company Plaintiffs are informed and believe, and on that basis aver, that Defendants have, without permission, reproduced, distributed, and prepared derivative works based upon a substantial number of additional copyrighted sound recordings owned by the Record Company Plaintiffs.  For months, the Record Company Plaintiffs have asked Defendants to provide a complete list of all of the products that infringe the Record Company Plaintiffs' rights that Defendants have sold or offered for sale, but Defendants have failed and refused to provide the Record Company Plaintiffs with complete information.  Accordingly, the Record Company Plaintiffs will obtain such information in discovery, and, if necessary, will amend this Complaint to identify additional works protected under the Copyright Act once the specific identities of all of the sound recordings infringed by Defendants are determined, or, alternatively, will provide such information pursuant to Fed. R. Civ. P. 26 and/or in discovery.

39.   Defendants have infringed the Record Company Plaintiffs' exclusive rights to the sound recordings pursuant to 17 U.S.C. § 106, § 115, and § 501.

40.   Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

41.   The infringement of the Record Company Plaintiffs' rights in each of their copyrighted sound recordings constitutes a separate and distinct act of infringement.

42.   Defendants' conduct was intentional and willful and undertaken with a conscious disregard of the Record Company Plaintiffs' rights.  The Record Company

PRINTED ON
RECYCLED PAPER
LA 11336601v3

JMBM
Jeffer Mangels
Butler & Mitchell LLP

1   Plaintiffs are entitled to statutory damages under the Copyright Act or, alternatively,

2   compensatory damages, including but not limited to Defendants' profits attributable

3   to the infringement, pursuant to 17 U.S.C. § 504.  The Record Company Plaintiffs

4   also are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

5        43.    Defendants' conduct is causing and, unless enjoined and restrained by

6   this Court, will continue to cause the Record Company Plaintiffs great and irreparable

7   injury that cannot fully be compensated or measured in money.  The Record

8   Company Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502,

9   the Record Company Plaintiffs are entitled to preliminary and permanent injunctions

10  prohibiting further infringements of their copyrights and exclusive rights.

11                                **COUNT II**

12       **COPYRIGHT INFRINGEMENT – MUSICAL COMPOSITIONS**

13           **By the Music Publisher Plaintiffs Against All Defendants**

14       44.    The Music Publisher Plaintiffs reallege and incorporate by reference

15  each of the averments in paragraphs 1 through 34 set forth above.

16       45.    The Music Publisher Plaintiffs own the copyrights in the musical

17  compositions identified in the representative list attached hereto as Schedule B,

18  among many other such musical compositions the Music Publisher Plaintiffs own and

19  which they are informed and believe, and on that basis aver, that Defendants have

20  infringed, to be identified in discovery.

21       46.    In accordance with the Copyright Act, the Music Publisher Plaintiffs,

22  their predecessors in interest, or their licensors have registered the copyrights to the

23  musical compositions listed on Schedule B with the Copyright Office of the United

24  States, or applied for such registration, prior to commencement of this action.

25       47.    By way of illustration only, Defendants have, without permission,

26  reproduced, distributed, and prepared derivative works based upon the musical

27  compositions, or portions thereof, reflected on Schedule B.  Additionally, the Music

28  Publisher Plaintiffs are informed and believe, and on that basis aver, that Defendants

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 11336601v3

- 13 -

have, without permission, reproduced, distributed, and prepared derivative works based upon a substantial number of additional copyrighted musical compositions owned by the Music Publisher Plaintiffs.  For months, the Music Publisher Plaintiffs have asked Defendants to provide a complete list of all of the products that infringe the Music Publisher Plaintiffs' rights that Defendants have sold or offered for sale, but Defendants have failed and refused to provide the Music Publisher Plaintiffs with complete information.  Accordingly, the Music Publisher Plaintiffs will obtain such information in discovery, and, if necessary, will amend this Complaint to identify additional works protected under the Copyright Act once the specific identities of all of the musical compositions infringed by Defendants are determined, or, alternatively, will provide such information pursuant to Fed. R. Civ. P. 26 and/or in discovery.

48.   Defendants have infringed the Music Publisher Plaintiffs' exclusive rights to the musical compositions pursuant to 17 U.S.C. § 106 and § 501.

49.   Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

50.   The infringement of the Music Publisher Plaintiffs' rights in each of their copyrighted sound recordings constitutes a separate and distinct act of infringement.

51.   Defendants' conduct was intentional and willful and undertaken with a conscious disregard of the Music Publisher Plaintiffs' rights.  The Music Publisher Plaintiffs are entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.  The Music Publisher Plaintiffs also are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

PRINTED ON
RECYCLED PAPER
LA 11336601v3

52.    Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Music Publisher Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  The Music Publisher Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, the Music Publisher Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their copyrights and exclusive rights.

<u>COUNT III</u>

<u>VIOLATION OF CALIFORNIA CIVIL CODE § 980(2)</u>

**By UMG Against All Defendants**

53.    UMG realleges and incorporates by reference each of the averments in paragraphs 1 through 34 set forth above.

54.    UMG possesses exclusive ownership interests pursuant to California Civil Code § 980(a)(2) and under the common law in and to the sound recordings identified in the representative list attached hereto as Schedule C, among many other such sound recordings that UMG owns and which UMG is informed and believes, and on that basis avers, that Defendants have infringed, to be identified in discovery.

55.    By way of illustration only, Defendants have, without permission, reproduced and distributed the sound recordings or portions thereof reflected on Schedule C, including sound recordings by such prominent recording artists as James Brown, Marvin Gaye, and Stevie Wonder, to name just a few.  Additionally, UMG is informed and believes, and on that basis avers, that Defendants have, without permission, reproduced, distributed, and adapted a substantial number of additional sound recordings protected under state law and owned by the Record Company Plaintiffs.  For months, the Record Company Plaintiffs have asked Defendants to provide a complete list of all of the products that infringe the Record Company Plaintiffs' rights that Defendants have sold or offered for sale, but Defendants have failed and refused to provide the Record Company Plaintiffs with complete information.  Accordingly, the Record Company Plaintiffs will obtain such

PRINTED ON
RECYCLED PAPER
LA 11336601v3

1   information in discovery, and, if necessary, will amend this Complaint to identify
2   additional works protected under state law once the specific identities of all of the
3   sound recordings infringed by Defendants are determined, or, alternatively, will
4   provide such information pursuant to Fed. R. Civ. P. 26 and/or in discovery.

5        56.    As a direct and proximate result of Defendants' conduct in violation of
6   UMG's exclusive ownership interests in and to UMG's sound recordings owned
7   pursuant to state law, Defendants have received proceeds and UMG has been
8   damaged in an amount to be proved at trial.

9        57.    Defendants' conduct is causing and, unless enjoined and restrained by
10   this Court, will continue to cause UMG great and irreparable injury that cannot fully
11   be compensated or measured in money.  UMG has no adequate remedy at law.  UMG
12   is entitled to preliminary and permanent injunctions prohibiting further infringements
13   of its exclusive rights.

14        58.    Defendants are guilty of oppression, fraud and/or malice and UMG, in
15   addition to its actual damages is, by reason thereof, entitled to recover exemplary and
16   punitive damages against Defendants.

**COUNT IV**

**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**

**CODE § 17200 AND COMMON LAW UNFAIR COMPETITION**

**By UMG Against All Defendants**

21        59.    UMG realleges and incorporates by reference each of the averments in
22   paragraphs 1 through 34 and 54 through 58 set forth above.

23        60.    The foregoing acts and conduct of Defendants constitute
24   misappropriation, conversion, and invasion of UMG's property rights in and to the
25   sound recordings that UMG owns pursuant to state law and which Defendants have
26   infringed, to be identified in discovery, in addition to the representative sample
27   reflected in Schedule C hereto.  The foregoing acts and conduct of Defendants
28   constitute unfair competition under California Business and Professions Code

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 11336601v3

§ 17200 and under the common law.  If necessary, the Record Company Plaintiffs will amend this Complaint to add additional claims under state law once the specific identities of all of the sound recordings infringed by Defendants are determined, or, alternatively, will provide such information pursuant to Fed. R. Civ. P. 26 and/or in discovery.

61.    As a direct and proximate result of Defendants' conduct, UMG is entitled to recover all proceeds and other compensation received or to be received by Defendants arising from their infringements of UMG's sound recordings owned pursuant to state law.  UMG requests that the Court order Defendants to render an accounting to ascertain the amount of such profits and compensation.

62.    As a direct and proximate result of Defendants' unfair competition, UMG has been damaged and Defendants have been unjustly enriched, in an amount that shall be proved at trial for which damages, restitution, and/or disgorgement is appropriate.  Such damages, restitution, and/or disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of UMG and an order that Defendants convey to UMG all the gross receipts received or to be received that are attributable to infringement of UMG's sound recordings owned pursuant to state law.

63.    Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause UMG great and irreparable injury that cannot fully be compensated or measured in money.  UMG has no adequate remedy at law.  UMG is entitled to preliminary and permanent injunctions prohibiting further infringements of its exclusive rights.

64.    Defendants are guilty of oppression, fraud and/or malice and UMG, in addition to its actual damages is, by reason thereof, entitled to recover exemplary and punitive damages against Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

PRINTED ON
RECYCLED PAPER
LA 11336601v3

Case 2:15-cv-00096-MMM-MRW   Document 1   Filed 01/06/15   Page 18 of 19   Page ID #:18

1.      On Counts I and II, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c), or in the alternative for an award of Defendants' profits and for compensatory damages according to proof;

2.      On Counts III and IV, for an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds, and damages according to proof;

3.      On Counts III and IV, for punitive and exemplary damages in such amount as may be awarded at trial;

4.      On all counts, a temporary and final injunction to prevent or restrain further infringements and misappropriations of Plaintiffs' copyrights and exclusive ownership interests;

5.      For prejudgment interest;

6.      For Plaintiffs' costs, including, on Counts I and II, their attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

7.      For such other and further relief as the Court may deem just and proper.


DATED:  January 6, 2015              JEFFREY D. GOLDMAN
                                     WHITNEY E. FAIR
                                     JEFFER MANGELS BUTLER & MITCHELL LLP


                                     By:*/s/ Jeffrey D. Goldman*
                                          JEFFREY D. GOLDMAN
                                          Attorneys for Plaintiffs

PRINTED ON
RECYCLED PAPER
LA 11336601v3

- 18 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues triable to a jury.


DATED:  January 6, 2015          JEFFREY D. GOLDMAN
                                 WHITNEY E. FAIR
                                 JEFFER MANGELS BUTLER & MITCHELL LLP


                            By:*/s/ Jeffrey D. Goldman*
                                 JEFFREY D. GOLDMAN
                                 Attorneys for Plaintiffs

JMBM | Jeffer Mangels Butler & Mitchell LLP