**David Halberstadter** (SBN 107033)
david.halberstadter@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

**Floyd A. Mandell** (admitted *pro hac vice*)
floyd.mandell@kattenlaw.com
**Jeffrey A. Wakolbinger** (admitted *pro hac vice*)
jeff.wakolbinger@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe St.
Chicago, IL 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061

Attorneys for Defendants and Cross-Claimants
Centric Group, LLC and Keefe Commissary Network, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; UNIVERSAL MUSIC CORP.; SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; and RONDOR MUSIC INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRIC GROUP, LLC; KEEFE GROUP, LLC; KEEFE COMMISSARY NETWORK, LLC; ACCESS CATALOG COMPANY, LLC; ARI'S MIXTAPES, INC.; and DOES 1–10, <br><br> Defendants. | CASE NO. 2:15-cv-0096-MMM-MRW <br><br> **CROSSCLAIM BY CENTRIC GROUP, LLC AND KEEFE COMMISSARY NETWORK, LLC AGAINST ARI'S MIXTAPES, INC.** <br><br> **DEMAND FOR JURY TRIAL** |

1

**CROSSCLAIM BY CENTRIC GROUP, LLC AND KEEFE COMMISSARY NETWORK, LLC**

|   |   |
|---|---|
| CENTRIC GROUP, LLC; and KEEFE COMMISSARY NETWORK, LLC, | ) ) ) |
| Cross-Claimants, | ) ) |
| v. | ) ) |
| ARI'S MIXTAPES, INC., | ) ) |
| Cross-Defendant. | ) ) ) |

Defendants and Cross-Claimants Centric Group, LLC ("**Centric Group**") and Keefe Commissary Network, LLC ("**Keefe Commissary Network**") (collectively, "**Cross-Claimants**") hereby assert the following Crossclaim against Co-Defendant and Cross-Defendant Ari's Mixtapes, Inc. ("**AMI**") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Crossclaim pursuant to 28 U.S.C. § 1367 because the Crossclaim is so related to claims asserted by Plaintiffs in this Action that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

2. Centric Group is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.

3. Keefe Commissary Network is a limited liability company organized and existing under the laws of the state of Missouri, with its principal place of business in St. Louis, Missouri.

4. On information and belief, AMI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Bethel Park, Pennsylvania.

# FIRST CROSSCLAIM FOR RELIEF
## (Contractual Indemnity)

5.     On January 6, 2015, Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Songs of Universal, Inc.; Universal-Polygram International Publishing, Inc.; Universal-Songs of Polygram International, Inc.; and Rondor Music International, Inc. ("**Plaintiffs**") filed their Complaint in this lawsuit, claiming that a number of defendants, including Centric Group, LLC, and Keefe Commissary Network, LLC, infringed Plaintiffs' U.S. copyrights in various musical compositions and sound recordings and also violated Plaintiffs' purported rights in pre-1972 sound recordings under California Civil Code § 980(2) and California Business and Professions Code § 17200.

6.     The allegedly infringing works about which Plaintiffs complain are certain mixtapes that purportedly contain copies of Plaintiffs' copyrighted and otherwise protected sound recordings and musical compositions. Keefe Commissary Network, though its Access Securepak division, distributes care packages to persons who are incarcerated, which care packages can be purchased by friends and family members of those incarcerated individuals. Keefe Commissary Network, through its Access Securepak division included various mixtapes in these care packages that were delivered to incarcerated individuals.

7.     On April 13, 2012, Centric Group entered into a Distributorship Agreement with AMI (the "**Distributorship Agreement**"), by which Centric Group agreed "to take on, distribute and promote the sale of [AMI's] products to its correctional facility customers." Pursuant to the Distributorship Agreement, Centric Group was appointed as the exclusive distributor for AMI's mixtapes in the penal or correctional institutions industry in the United States.

8.     All mixtapes sold or otherwise distributed by Keefe Commissary Network were obtained from AMI pursuant to the Distributorship Agreement. AMI represented that all mixtapes sold to Centric Group were "100% official" and that

none were "bootlegs." AMI also expressly agreed to indemnify Centric Group and its wholly owned subsidiaries (which include Keefe Commissary Network) from any claims involving, among other things, copyright infringement. Having been accused by Plaintiffs of infringing Plaintiffs' copyrights, Centric Group and Keefe Commissary Network therefore bring this Crossclaim against AMI for indemnification.

9. Pursuant to the Distributorship Agreement, Centric Group, doing business as Keefe Supply, purchased mixtapes from AMI and, through the Access Securepak division of Centric Group's subsidiary, Keefe Commissary Network, distributed those mixtapes to friends and family members of incarcerated individuals for use by those incarcerated individuals.

10. AMI represented at the time that Centric Group purchased mixtapes from AMI that all of its mixtapes were "100% official – no bootlegs." AMI continues to make that representation today on its website at www.arismixtapes.com.

11. Paragraph 5(a) of the Distributorship Agreement includes the following indemnification provision (the "**Indemnification Provision**"):

> Supplier will, at its sole cost and expense, indemnify, defend and hold harmless Distributor and its wholly-owned subsidiaries and their respective directors, officers, managers and employees (individually, a "Distributor Indemnified Party" and collectively, the "Distributor Indemnified Parties"), and each and all of them, from and against any claims, liabilities, suits and/or proceedings (each a "Claim") made or brought by any third party against any Distributor Indemnified Party, including, without limitation, damages, fines, reasonable attorney's fees, costs, judgments, awards, settlement amounts and expenses with respect thereto, to the extent that such Claim arises out of or results from an act or omission of a Supplier or a Supplier Indemnified Party or is based on a claim, suit and/or proceeding that the Product or use of the Product infringes a third party trade secret, trademark, copyright, patent, nondisclosure or other intellectual property right.

12. As used in the Indemnification Provision and elsewhere in the Distributorship Agreement, "Supplier" is defined as AMI; "Distributor" is defined as Centric Group, LLC; and "Product" is defined as "Supplier's various mixtapes."

13. Any and all mixtapes sold or otherwise distributed by any of the Cross-Claimants were purchased from AMI and distributed pursuant to the Distributorship Agreement, which was in full force and effect throughout the entire time Centric Group or any of its subsidiaries sold any mixtapes that may have included sound recordings and/or musical compositions owned by any of the Plaintiffs.

14. The Distributorship Agreement has an effective date of April 13, 2012, and was in full force and effect during the entire period of time that Centric Group purchased mixtapes from AMI.

15. Centric Group performed all required obligations under the Distributorship Agreement.

16. After receiving notice that Plaintiff Universal Music Group was claiming that sales of mixtapes by Centric Group and its affiliated companies infringed copyrights and other rights owned by Plaintiffs, Centric Group provided notice to AMI of Plaintiffs' claims and invoked the Indemnification Provision.

17. Pursuant to the Indemnity Provision of the Distributorship Agreement, the Cross-Claimants are entitled to indemnification from AMI in an amount commensurate with the Cross-Claimants' liability to Plaintiffs, if any, including any damages, reasonable attorneys' fees, costs, judgments, awards, settlement amounts, and expenses paid to Plaintiffs in connection with these proceedings, and any costs and attorneys' fees incurred by the Cross-Claimants in defending against Plaintiffs' claims.

WHEREFORE, Cross-Claimants pray for judgment as follows:

1. For a declaration that AMI has a contractual duty to indemnify, defend and hold Cross-Claimants harmless from and against the claims brought against them by Plaintiffs in the Complaint;

2. For an award of damages in an amount commensurate with Cross-Claimants' liability to Plaintiffs, if any, including any damages, reasonable attorneys' fees, costs, judgments, awards, settlement amounts, and expenses paid to Plaintiffs in connection with these proceedings, and any costs and attorneys' fees incurred by the Cross-Claimants in defending against Plaintiffs' claims; and

3. For such other relief as the court may deem proper.

Dated: March 13, 2015                KATTEN MUCHIN ROSENMAN LLP


By:   /s/David Halberstadter
Attorneys for Cross-Claimants
CENTRIC GROUP, LLC, and KEEFE
COMMISSARY NETWORK, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules of this Court, Cross-Claimants demand a trial by jury of all issues so triable in this Crossclaim.

Dated: March 13, 2015   KATTEN MUCHIN ROSENMAN LLP

By:  /s/David Halberstadter
Attorneys for Cross-Claimants
CENTRIC GROUP, LLC, and KEEFE COMMISSARY NETWORK, LLC