1   JEFFREY D. GOLDMAN (Bar No. 155589)
    *JGoldman@jmbm.com*
2   WHITNEY E. FAIR (Bar No. 280713)
    *WFair@jmbm.com*
3   JEFFER MANGELS BUTLER & MITCHELL LLP
    1900 Avenue of the Stars, Seventh Floor
4   Los Angeles, California 90067-4308
    Telephone:  (310) 203-8080
5   Facsimile:   (310) 203-0567

6   Attorneys for Plaintiffs

7   David Halberstadter (SBN 107033)
    david.halberstadter@kattenlaw.com
8   KATTEN MUCHIN ROSENMAN LLP
    2029 Century Park East, Suite 2600
9   Los Angeles, CA 90067-3012
    Telephone: 310.788.4400
10  Facsimile: 310.788.4471

11  Floyd A. Mandell (admitted *pro hac vice*)
    floyd.mandell@kattenlaw.com
12  Jeffrey A. Wakolbinger (admitted *pro hac vice*)
    jeff.wakolbinger@kattenlaw.com
13  KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe St.
14  Chicago, IL 60661
    Telephone: 312.902.5200
15  Facsimile: 312.902.1061

16  Attorneys for Defendants and Cross-Claimants
    Centric Group, LLC and Keefe Commissary Network,
17  LLC

18  Marc E. Hankin (SBN 170505)
    marc@hankinpatentlaw.com
19  Anooj M. Patel (SBN 300297)
    anooj@hankinpatentlaw.com
20  HANKIN PATENT LAW, APC
    12400 Wilshire Boulevard, Suite 1265
21  Los Angeles, CA 90025
    Tel: (310) 979-3600 / Fax: (310) 979-3603

22  Attorneys for Defendant and Cross-Defendant,
    ARI'S MIXTAPES, INC.
23

24              UNITED STATES DISTRICT COURT

25              CENTRAL DISTRICT OF CALIFORNIA

26

27  UMG RECORDINGS, INC., a Delaware      2:15-CV-00096-MMM (MRW)
    corporation, et al.,
28

| | |
|---|---|
| Plaintiffs, | **STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| v. | |
| CENTRIC GROUP, LLC, a Delaware limited liability company, et al., | |
| Defendants. | |
| CENTRIC GROUP, LLC, a Delaware corporation, et al., | |
| Cross-Claimants, | |
| v. | |
| ARI'S MIXTAPES, INC., a Pennsylvania corporation, | |
| Defendants. | |

Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Songs Of Universal, Inc.; Universal — Polygram International Publishing, Inc.; Universal — Songs Of Polygram International, Inc.; and Rondor Music International, Inc.; and defendants Centric Group, LLC; Keefe Group, LLC; Keefe Commissary Network, LLC; Access Catalog Company, LLC; and Ari's Mixtapes, Inc., by and through their respective counsel, acknowledge that the discovery and pre-trial phase of this action may involve disclosure of trade secrets and/or other confidential and proprietary business, technical, or financial information. Therefore, the parties hereby stipulate that the Court may enter the following Order pursuant to Fed. R. Civ. P. 26(c).

1.      **DEFINITIONS**

1.1     As used herein, the term "CONFIDENTIAL" material shall mean: (a) any oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as referred to in Fed. R. Civ. P. 26(c)(1)(G)) (a) which the designating party reasonably believes needs to be

1  protected from disclosure for competitive business reasons; (b) in which the party or

2  any third party has a privacy interest; or (c) is subject to protection from disclosure,

3  or limitation upon disclosure, under applicable law or court order.

4      1.2   As used herein, the term "HIGHLY CONFIDENTIAL –

5  ATTORNEYS' EYES ONLY" material shall mean: extremely sensitive

6  CONFIDENTIAL material whose disclosure to another Party or nonparty, including

7  its in-house counsel, is reasonably likely to cause imminent economic or other

8  commercial harm to the producing party that could not be avoided through less

9  restrictive means.

10     1.3   As used herein, the term "DOCUMENT," whether singular or

11  plural, means and includes all "writings" and "recordings" within the meaning of

12  Federal Rule of Evidence 1001.

13  **2.     DESIGNATION OF CONFIDENTIAL OR HIGHLY**

14  **CONFIDENTIAL – ATTORNEYS' EYES ONLY**

15  **MATERIAL; CHALLENGES TO DESIGNATIONS**

16     2.1   This PROTECTIVE ORDER applies to all discovery responses,

17  documents, testimony, and other information or materials containing information

18  disclosed in this action that are designated by a party or third party as

19  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

20     2.2   Any party or third party responding to discovery in this action

21  shall have the right to designate any document, testimony, or other information or

22  material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY, if the party has a good-faith belief that the material

24  satisfies the definitions of CONFIDENTIAL or HIGHLY CONFIDENTIAL –

25  ATTORNEYS' EYES ONLY herein.

26     2.3   Such designation shall be accomplished by placing the notation

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28

1   ONLY" on every page of each document or portion thereof so designated.  In the case

2   of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

3   material disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks,

4   etc.), the appropriate notation shall be affixed to the outside of the medium or its

5   container so as to clearly give notice of the designation.  Such designation is deemed

6   to apply to the document itself and to the CONFIDENTIAL or HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY material contained therein.

8       2.4   An inadvertent failure to designate qualified information or items

9   as CONFIDENTIAL or HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

10  does not, standing alone, waive the producing party's right to secure protection under

11  this PROTECTIVE ORDER for such material.  In the event that any document or

12  thing qualifying for designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL-

13  ATTORNEYS' EYES ONLY is inadvertently produced without the proper

14  designation, the producing party shall identify such document or thing promptly after

15  its inadvertent production is discovered and provide a copy of such document or thing

16  with the proper designation to counsel for the receiving party, upon receipt of which

17  the receiving party shall promptly return or destroy all copies of the document or

18  thing in its previously undesignated or misdesignated form.  Upon written request by

19  the designating party, the receiving party will provide written verification of

20  compliance with this provision.

21      2.5   In the event that any document or thing containing or constituting

22  privileged attorney-client communications or attorney work product is inadvertently

23  produced, the producing party shall notify the receiving party promptly after it is

24  discovered that the privileged material was inadvertently produced for inspection or

25  provided, and upon receipt of such notification the receiving party shall promptly

26  destroy any and all copies of such document or thing and thereafter refrain from any

27  use whatsoever, in this case or otherwise, of such document or thing. The inadvertent

28

PRINTED ON
RECYCLED PAPER
LA 11880405v3

- 4 -

1     production of any document or thing for which a claim of attorney-client privilege or

2     work-product doctrine is subsequently asserted by the producing party shall not

3     constitute a subject matter waiver of a valid claim of privilege or work-product

4     doctrine as to any other document or thing in the possession of the producing party,

5     or as to any communication or information within the knowledge of the producing

6     party.

7            2.6     CONFIDENTIAL or HIGHLY CONFIDENTIAL –

8     ATTORNEYS' EYES ONLY material so designated shall be used only for the

9     purposes of this litigation and (a) may not be used by any party to whom or which

10     that information is produced or disclosed for any other purpose; (b) shall not be

11     disclosed to anyone other than those persons identified in Paragraphs 4.1 and 4.2,

12     *infra*, except as may be ordered by the Court or agreed to in writing by the parties;

13     and (c) if used by a party to whom or which it has been produced or disclosed as part

14     of a paper filed or lodged with the Court, the party using it shall take all reasonable

15     steps to preserve the continued confidentiality of that designated CONFIDENTIAL or

16     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, including

17     maintaining the designation of confidentiality in all places where it is so used and

18     requesting that it is filed or lodged with the Court under seal in accordance with C.D.

19     Cal. Local Rule 79-5.1.

20            2.7     These obligations of confidentiality and nondisclosure shall bind

21     the parties through all proceedings in this action, including all appeals, arbitrations,

22     and proceedings upon remand, and shall survive the conclusion of this action unless

23     and until otherwise ordered by the Court, or until the parties to this action stipulate

24     that designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

25     EYES ONLY material can be disclosed.

26            2.8     A party that disputes the propriety of a designation shall challenge

27     such designation pursuant to the procedures of Local Rules 37-1 through 37-4. If the

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 11880405v3

1  dispute cannot be resolved, the receiving party may apply to the Court for a ruling
2  concerning the status of such material, in which case the burden of proving that
3  material has been properly designated shall be on the party making such designation.
4  Pending such application and ruling, the receiving party shall treat such material as
5  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
6  material under this PROTECTIVE ORDER.

7  **3.   DEPOSITIONS**

8  3.1   When designated CONFIDENTIAL or HIGHLY
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY material is supplied to a deponent,
10 or when the deponent's testimony contains, reflects, or comments on designated
11 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
12 material, the deposition reporter and/or video operator shall be informed of this
13 PROTECTIVE ORDER by the party or third party seeking to invoke its protection,
14 and will be required to agree to be bound by its terms.  The reporter and/or video
15 operator then shall place on the cover of any deposition transcript or video that
16 contains any designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –
17 ATTORNEYS' EYES ONLY material the words "CONTAINS CONFIDENTIAL
18 INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER."  Counsel for
19 the parties then shall take appropriate steps to prevent any portions of any deposition
20 transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL
21 – ATTORNEYS' EYES ONLY from being disclosed to any person, except as
22 provided in this PROTECTIVE ORDER.

23 3.2   Testimony at a deposition may be designated CONFIDENTIAL or
24 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this PROTECTIVE
25 ORDER is invoked at the deposition by counsel for a party or third party or the
26 deponent, or within thirty (30) days after receiving a copy of the deposition transcript.

27 3.3   Each deponent to whom any party or third party proposes to

28

LA 11880405v3

- 6 -

1  disclose designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY material at a deposition, trial, or other proceeding shall

3  be given a copy of this PROTECTIVE ORDER and the parties shall take all

4  reasonable steps to have the deponent abide by its contents.

5          3.4    If designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY material is to be discussed or disclosed in a deposition,

7  any party or third party claiming such confidentiality may exclude from the room any

8  person who is not entitled to receive such CONFIDENTIAL or HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY material during that portion of the

10 deposition in which the CONFIDENTIAL or HIGHLY CONFIDENTIAL –

11 ATTORNEYS' EYES ONLY material is discussed or disclosed.  If designated

12 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

13 material is to be discussed or disclosed at a hearing or at trial, the parties may request

14 that the Court exclude from the courtroom any person who is not entitled to receive

15 such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16 ONLY material during that portion of the hearing or trial in which the

17 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

18 material is discussed or disclosed.

19         **4.    DISCLOSURE OF DESIGNATED CONFIDENTIAL OR**

20              **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

21              **MATERIAL**

22         4.1    Access to material designated as CONFIDENTIAL shall be

23 limited to the following persons:

24              4.1.1    Outside and in-house counsel for the parties and their

25 support personnel such as paralegal assistants, secretarial, stenographic and clerical

26 employees and contractors, and outside copying services who are working on this

27 litigation under the direction of such attorneys and to whom it is necessary that the

28

materials be disclosed for purposes of this litigation.

        4.1.2      Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

        4.1.3      Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated CONFIDENTIAL material  to the deponent.

        4.1.4      Court reporters and videographers employed in this litigation.

        4.1.5      The parties to this action, as well as current officers, directors, and employees of the parties to this action that are corporate entities.

        4.1.6      The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

        4.1.7      Any person or persons who drafted, sent, or received the material in the ordinary course of business.

    4.2      Access to material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to the following persons:

        4.2.1      Attorneys of record in this proceeding, their partners and associates, and their support personnel.  Support personnel includes paralegal assistants, secretarial, stenographic and clerical employees, summer associates, law clerks, and outside contractors.

        4.2.2      Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

        4.2.3      Pursuant to Paragraphs 3.1 through 3.4, *supra*,

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   deponents at their depositions.  Counsel should have a good faith belief that such

2   disclosure is necessary before disclosing designated HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY material to the deponent.

4   4.2.4   Court reporters and videographers employed in this

5   litigation.

6   4.2.5   The Court and its staff, mediators used in settlement

7   proceedings in this action and their staff, and members of a jury impaneled for a trial

8   in this action.

9   4.2.6   Any person or persons who drafted, sent, or received

10  the material in the ordinary course of business.

11  4.3   Each person referred to in paragraphs 4.1.2 and 4.2.2 to whom

12  material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY is to be given, shown, disclosed, made available or

14  communicated in any way, shall execute a declaration, in the form attached hereto as

15  Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the

16  declaration shall be maintained by outside litigation counsel for the party making

17  such disclosure.

18  4.4   A party's designation of its own material as CONFIDENTIAL or

19  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not restrict that

20  party from disseminating or disclosing that material.

21  **5.   CUSTODY AND DISPOSITION OF DESIGNATED**

22  **CONFIDENTIAL OR HIGHLY CONFIDENTIAL –**

23  **ATTORNEYS' EYES ONLY MATERIAL**

24  5.1   Material designated CONFIDENTIAL or HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in the custody

26  of counsel for the parties, except for information in the custody of:  (a) the Court; (b)

27  any court reporter transcribing testimony given in this action, for the limited purpose

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 11880405v3

of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case.  Except for the Court, a person with custody of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it.

5.2     Should any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this PROTECTIVE ORDER, then the disclosing party or third party shall (a) use its best efforts to bind such person to the terms of this PROTECTIVE ORDER, and (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party or third party that or who designated the document.

5.3     Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons who are in possession of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall destroy or return to the producing party or third party all hard copy documents, other than attorney work product, containing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material; and delete all electronically stored documents, other than attorney client-communications, attorney work product and communications between counsel of record (excluding document productions transmitted between counsel), containing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material; notwithstanding the

PRINTED ON
RECYCLED PAPER
LA 11880405v3

foregoing (a) the parties shall not have any obligation to ensure the destruction of any copies of electronically-stored CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material made by the automatic processes of their computer systems, such as copies that may reside on their servers and/or backup tapes; (b) outside counsel of record may retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases; (c) with the exception of material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, each party may retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases; and (d) nothing in this paragraph shall be construed to require any party to return or destroy attorney client privileged communications, whether from or to outside or in-house counsel, attorney work product or communications between counsel of record (excluding document productions transmitted between counsel).

## 6.   MISCELLANEOUS PROVISIONS

6.1      No party to this action, by acquiescing in any other party's designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be deemed to have admitted or agreed that any such material is, in fact, a trade secret or other confidential research, development, or commercial information.

6.2      The Court retains jurisdiction even after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER that the Court may from time to time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material.

PRINTED ON
RECYCLED PAPER
LA 11880405v3

6.3      Nothing contained herein shall restrict any party from introducing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material as evidence at trial.  A party may seek a protective order prior to trial with respect to testimony containing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material that may be offered at trial or specific documents containing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

6.4      In general, court orders are available to the public.  To the extent that a party refers to or relies upon material that is filed under seal in its pleadings, the pleadings must request that specific information be kept confidential. Absent the granting of such advance request, the Court may incorporate all evidence in its written and oral rulings.

## 7.      GOOD CAUSE STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action:  (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, (a) information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitor, (b) other information that constitutes proprietary information, confidential business information, information that a party or third party may need, for any business, employment or competitive purposes, to be protected from

PRINTED ON
RECYCLED PAPER
LA 11880405v3

disclosure, (c) trade secrets, and/or information in which a party or any third party has a privacy interest, and (d) information that is subject to protection from disclosure, or limitation upon disclosure, under applicable law; (2) believe that unrestricted disclosure or dissemination of such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

IT IS SO STIPULATED.

DATED: June 12, 2015  JEFFREY D. GOLDMAN
        WHITNEY E. FAIR
        JEFFER MANGELS BUTLER & MITCHELL LLP


        By: */s/ Jeffrey D. Goldman*
         JEFFREY D. GOLDMAN
        Attorneys for Plaintiffs

DATED: June 12, 2015  DAVID HALBERSTADTER
        FLOYD A. MANDELL
        JEFFREY A. WAKOLBINGER
        KATTEN MUCHIN ROSENMAN LLP


        By: */s/Jeffrey A. Wakolbinger*
         JEFFREY A. WAKOLBINGER
        Attorneys for Defendants and Cross-Claimants
        CENTRIC GROUP, LLC AND KEEFE
        COMMISSARY NETWORK, LLC.

PRINTED ON
RECYCLED PAPER
LA 11880405v3

DATED: June 12, 2015          MARC E. HANKIN
                              ANOOJ M. PATEL
                              HANKIN PATENT LAW, APC


                              By: _____
                                   MARC E. HANKIN
                              Attorneys for Defendant and Cross-Defendant
                              ARI'S MIXTAPES, INC.


IT IS SO ORDERED.


Dated: June 12, 2015        _____
                            Hon. Michael R. Wilner
                            United States Magistrate Judge

PRINTED ON
RECYCLED PAPER
LA 11880405v3

**EXHIBIT A**

**ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION**

I,_____, acknowledge that I have been given a copy and have read the Stipulation and Protective Order Regarding Confidential Information (the "Order") in *UMG Recordings, Inc. et al., v. Centric Group, LLC, et al.*, Case No. 2:15-CV-00096-MMM (MRW), and I agree to be bound by its terms. I acknowledge and agree that any documents received by me in connection with this matter, including, without limitation, those marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order. I further acknowledge and agree that all documents received or prepared by me in connection with this matter, including, without limitation, documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned at the conclusion of the case.

I consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Order and penalizing violations thereof.

EXECUTED on _____, at _____.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

By: _____

Name: _____

Title: _____

PRINTED ON
RECYCLED PAPER
LA 11880405v3

- 15 -